# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund, Construction Industry Research and Service Trust Fund, and International Union of Operating Engineers, Local 150, AFL-CIO, <br><br> Plaintiffs, <br><br> v. <br><br> T-Cat Demolition, LLC, an Illinois corporation, and James Trumbull, an individual, <br><br> Defendants. | CIVIL ACTION <br><br> NO. |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF") (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union") (collectively "Plaintiffs") bring this action to collect contributions and dues from Defendant T-Cat Demolition, LLC ("T-Cat"), an Illinois corporation, and Defendant James Trumbull ("Trumbull"), an individual (collectively "Defendants").

## COUNT I.    SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant T-Cat is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2).  It is a corporation engaged in the construction industry with its principal office in Franklin Park, Illinois.

3. In its corporate filings with the state of Illinois, T-Cat identified James Trumbull as its Registered Agent (Exhibit A).

4. On December 1, 2011, T-Cat through James Trumbull signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Excavators, Inc. Illinois Heavy and Highway and Underground Agreement (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require T-Cat to make fringe benefit contributions to the Funds.  The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require T-Cat to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports and delinquent contributions;

(e) Furnish to the Funds a bond in an amount acceptable to the Funds;

(f) Pay the Funds a flat fee of $110 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

7. The CBA also requires T-Cat to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on T-Cat with respect to CRF as it does the Funds.

8. The CBA further requires T-Cat to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where T-Cat does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9. T-Cat has become delinquent in the submission of its reports and contributions due to the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.

14. T-Cat has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by T-Cat, there is a total of $91,991.51 currently known to be due the Funds from T-Cat, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against T-Cat for all unpaid contributions as identified in T-Cat's contribution reports;

B. Enjoin T-Cat to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enter judgment against T-Cat and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

D. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

## COUNT II.   SUIT TO COLLECT CRF CONTRIBUTIONS

1-15.   CRF re-alleges and incorporates herein by reference paragraphs 1 through 15 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.   This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

17.   Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18.   T-Cat has not submitted all of its contribution reports to CRF.  T-Cat has failed to make timely payment of all contributions acknowledged to be due according to T-Cat's own contribution reports and the collective bargaining agreement, and T-Cat has failed to pay interest and liquidated damages required by the CBA.  Accordingly, T-Cat is in breach of its obligations to the CRF under the CBA.

19.   That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by T-Cat, there is a total of $3,323.66 currently known to be due to CRF from T-Cat subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.   Order T-Cat to submit all delinquent monthly contribution reports;

B.   Enter judgment in favor of CRF and against T-Cat for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of T-Cat's failure to submit all contribution reports required by the CBA;

C. Enjoin T-Cat to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-15. The Union re-alleges and incorporates herein by reference paragraphs 1 through 15 of Count I as if fully stated herein.

### Jurisdiction and Venue

16. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

17. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18. T-Cat has not submitted all of its dues reports to the Union. T-Cat has failed to make timely payment of all dues acknowledged to be due according to T-Cat's own reports and the collective bargaining agreement. T-Cat is required to pay liquidated damages by the CBA. Accordingly, T-Cat is in breach of its obligations to the Union under the CBA.

19. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by T-Cat, there is a total of $1,974.21 currently known to be due to the Union from T-Cat before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order T-Cat to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against T-Cat for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because T-Cat failed to submit all dues reports required by the CBA;

C. Enjoin T-Cat to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

## COUNT IV.   SUIT FOR BREACH OF PAYMENT PLAN

1-9. The Funds re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBA. Furthermore, T-Cat stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

### Allegations of Violations

12. T-Cat has breached its obligations under the Payment Plan because it has failed to submit its monthly reports, contributions, and dues timely. T-Cat has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled and T-Cat consented under the Payment Plan to the entry of judgment against T-Cat for all amounts identified as due. Additionally, the Funds are entitled to interest as a consequence of the entry of judgment.

13. That upon careful review of all records maintained by the Funds and after application of any and all partial payments made by T-Cat, there is a total of $97,983.68 currently known to be due the Funds, the Union, and CRF from T-Cat, before the assessment of attorneys' fees and costs, subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that T-Cat owes additional contributions and dues not yet identified by T-Cat in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court find that Defendants consented to judgment and therefore enter judgment in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

## COUNT V.     SUIT TO ENFORCE PERSONAL GUARANTEE

1-9. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this claim because it is a suit by an employee welfare benefit plan and a labor organization that have their respective headquarters within this jurisdictional district. 29 U.S.C. § 185.  This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).  Furthermore, James Trumbull stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

11. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue also is proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

## Allegations of Violations

12. James Trumbull signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. James Trumbull also consented to the entry of judgment against her in the event that T-Cat breached the Payment Plan.

13. T-Cat has breached its obligations under the Payment Plan because it has failed to submit its monthly reports, contributions, and dues timely. T-Cat has failed to pay liquidated damages and interest that have accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against James Trumbull for all amounts identified as due.

14. That upon careful review of all records and after application of any and all partial payments made by T-Cat, there is a total of $97,983.68 currently known to be due the Funds, the Union, and CRF from James Trumbull, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that T-Cat owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court find that James Trumbull consented to judgment against her personally and therefore enter judgment against James Trumbull and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: March 16, 2026   Respectfully submitted,

By:   /s/Emil P. Totonchi
One of the Attorneys for the Plaintiffs

| Attorneys for Local 150: | Attorney for the Funds and CRF: |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* | Dale D. Pierson *(dpierson@local150.org)* |
| Emil P. Totonchi *(etotonchi@local150.org)* | Emil P. Totonchi *(etotonchi@local150.org)* |
| Local 150 Legal Department | Institute for Worker Welfare, P.C. |
| 6140 Joliet Road | 6141 Joliet Road |
| Countryside, IL  60525 | Countryside, IL  60525 |
| Ph: (708) 579-6628 | Ph: (708) 579-6628 |
| Fx: (708) 588-1647 | Fx: (708) 588-1647 |